STARK COUNTY BAR ASSOCIATION *v.* RUSSELL.

[Cite as *Stark Cty. Bar Assn. v. Russell,*
111 Ohio St.3d 421, 2006-Ohio-5861.]

(No. 2006–1186—Submitted August 8, 2006—Decided November 29, 2006.)

**Per Curiam.**

{¶ 1} Respondent, Michael Scott Russell of North Canton, Ohio, Attorney Registration No. 0018566, was admitted to the Ohio bar in 1977.

{¶ 2} On October 11, 2004, relator, Stark County Bar Association, filed a complaint charging respondent with professional misconduct. Respondent filed an answer to the complaint, and a panel of the Board of Commissioners on Grievances and Discipline held a hearing on the complaint in March 2006. The

panel then prepared written findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

## Misconduct

### *Count I*

{¶ 3} In May 2001, Lee Ann Clark hired respondent to represent her in connection with injuries that she sustained in an automobile accident. Respondent spoke with an insurance company about the case and obtained copies of medical bills, but he failed to file a lawsuit on Clark's behalf before the relevant statute of limitations had run. Clark tried to speak with respondent several times about her case, but he did not return her calls.

{¶ 4} Clark filed a grievance against respondent, but he did not reply when relator asked him to respond to it. When relator asked for a copy of respondent's file on the Clark matter, respondent waited six months before he provided the file.

{¶ 5} Respondent acknowledged and the board found that his actions violated the following Disciplinary Rules: DR 1–102(A)(5) (barring conduct that is prejudicial to the administration of justice), 1–102(A)(6) (barring conduct that adversely reflects on a lawyer's fitness to practice law), 6–101(A)(3) (prohibiting a lawyer from neglecting an entrusted legal matter), and 7–101(A)(2) (prohibiting an attorney from intentionally failing to carry out a contract of professional employment), as well as Gov.Bar R. V(4)(G) (requiring attorneys to cooperate with and assist in any disciplinary investigation).

### *Count II*

{¶ 6} In February 2002, Lori Sewell hired an associate at respondent's law firm to represent her in a domestic-relations matter. The associate filed motions in court on Sewell's behalf in March 2003. In May 2003, the associate advised Sewell that she would be leaving respondent's law firm, but she added that the firm would continue to represent Sewell in the domestic-relations case.

{¶ 7} After the associate left the law firm, respondent himself represented Sewell. On July 8, 2003, the attorney for Sewell's ex-husband sent a letter to respondent suggesting that Sewell was in contempt of court because she had not made certain payments as ordered by the court. The letter indicated that contempt-of-court proceedings would be initiated against Sewell in seven days if she did not respond to the letter and did not make the necessary court-ordered payments. Respondent failed to inform Sewell about the letter. On August 3, 2003, Sewell was served with a summons ordering her to appear in court and show cause why she should not be found in contempt. Sewell was very upset about the summons and the possible contempt finding, and only later did she

learn that respondent had received the letter from opposing counsel warning about the possible contempt citation.

{¶ 8} In November 2003, the attorney for Sewell's ex-husband sent a settlement offer to respondent. Respondent failed to inform Sewell about the offer until six weeks later. By then, Sewell's ex-husband had withdrawn the offer.

{¶ 9} For several months, Sewell tried to speak with respondent about her case, but he did not reply. In February 2004, the trial court dismissed Sewell's case because respondent had failed to file a shared-parenting plan on her behalf.

{¶ 10} Sewell filed a grievance against respondent, and relator asked respondent to provide a copy of his file on the Sewell matter in June 2004. Respondent did not provide a copy of the file until December 2004.

{¶ 11} Respondent acknowledged and the board found that his actions violated DR 1–102(A)(5), 1–102(A)(6), 6–101(A)(3), and 7–101(A)(2), as well as Gov.Bar R. V(4)(G).

Sanction

{¶ 12} Relator recommended that respondent be suspended from the practice of law for one year, with all 12 months stayed on specified conditions. The panel and the board issued similar recommendations. Respondent has filed no objections to the board's findings or its recommendation.

{¶ 13} We have reviewed the board's report and the record, and we find that respondent violated all of the provisions as described above. We also adopt the board's recommended sanction.

{¶ 14} In imposing a sanction for attorney misconduct, we consider the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The aggravating factors in this case include a pattern of misconduct, multiple offenses, respondent's initial lack of cooperation in the disciplinary process, and the harm suffered by vulnerable victims. BCGD Proc.Reg. 10(B)(1)(c), (d), (e), and (h).

{¶ 15} The mitigating factors in this case include the lack of any prior disciplinary violations by respondent and the absence of a dishonest or selfish motive on his part. BCGD Proc.Reg. 10(B)(2)(a) and (b). Respondent also appears to have cooperated in the latter stages of the disciplinary process by stipulating to the violations alleged by relator, and he expressed his willingness at the disciplinary hearing to abide by the conditions proposed by relator and to pay restitution to both Clark and Sewell.

{¶ 16} After weighing the aggravating and mitigating factors in this case, we agree with the recommended sanction. Respondent's cooperative attitude at his

disciplinary hearing, his expression of genuine remorse for his misconduct and his acceptance of full responsibility for his actions, his lack of any prior disciplinary record, and his willingness to compensate his two clients for any financial harm that they may have suffered all counsel against his actual suspension from the practice of law. As we have said, the purpose of the disciplinary process is not to punish the offender, but rather to protect the public. *Disciplinary Counsel v. O'Neill*, 103 Ohio St.3d 204, 2004-Ohio-4704, 815 N.E.2d 286, at ¶ 53. With the supervision recommended by the board, we trust that respondent's misconduct will not be repeated.

{¶ 17} Accordingly, respondent is hereby suspended from the practice of law for 12 months, with the entire suspension stayed provided that respondent (1) commit no further misconduct during the suspension period, (2) allow an attorney appointed by relator to monitor his law-office management practices and his compliance with the rules governing the professional conduct of attorneys in Ohio, and (3) pay restitution of $1,250 to Lee Ann Clark and $500 to Lori Sewell within 30 days of our order. If respondent violates any of these conditions, the stay will be lifted, and respondent will serve the entire term as a period of actual suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Richard S. Milligan, Bar Counsel, and Dimitrios S. Pousoulides, for relator. Michael S. Russell, pro se.